UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Sean Doerr,

    Plaintiff,

v.

SRVR LLC et al,

    Defendant.

Case No. 19-cv-10774
Honorable Laurie J. Michelson
Magistrate Judge Elizabeth A. Stafford

**ORDER GRANTING MOTION TO AMEND [13]**

Plaintiff Sean Doerr is a photographer who brought this complaint alleging copyright infringement under 17 U.S.C. § 106, *et seq.* (ECF No.12.) Doerr filed a Motion for Leave to File Second Amended Complaint on September 17, 2019 (ECF No. 13) after "informal discovery obtained from [Defendant] SRVR" (*id.* at PageID.95) revealed that the original Defendant BlueTone is an assumed name of Quickcall.com. (*Id.*) Doerr thus seeks to substitute Quickcall.com, LLC as "the proper corporate entity responsible" for BlueTone. (*Id.*) Defendant SRVR, LLC consents to dismissal of SRVR, LLC and does not oppose the substitution of Quickcall.com. (*Id.*)

Given the timing of Doerr's motion, the Federal Rules of Civil Procedure permit amendment "only with the opposing party's written consent or the court's leave." Fed.R.Civ.P. 15(a)(2); *cf.* Fed.R.Civ.P. 15(a)(1). Although Defendant SRVR has consented to the motion, Defendant Romanian-American Network, Inc. DBA Biserici.us has not responded and thus has not consented.

Federal Rule of Civil Procedure 15(a)(2) instructs that this Court "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15. Still, the determination of when "justice

so requires" is "left to the sound discretion of the trial judge," *Robinson v. Michigan Consol. Gas Co. Inc.,* 918 F.2d 579, 591 (6th Cir.1990), and a number of factors inform this Court's exercise of discretion: (1) the moving party's "[u]ndue delay in filing [its motion for leave]," (2) "lack of notice to the opposing party," (3) "bad faith by the moving party," (4) "repeated failure to cure deficiencies by previous amendments," (5) "undue prejudice to the opposing party," and (6) "futility of amendment." *Robinson,* 918 F.2d at 591. "Delay by itself," however, "is not sufficient reason to deny a motion to amend," and "[n]otice and substantial prejudice to the opposing party are critical factors in determining whether an amendment should be granted." *Id.*

Consideration of these factors counsels in favor of granting the amendment. Doerr filed this motion within weeks of discovering the true party responsible for the alleged copyright infringement. (ECF No. 13, PageID.95.) Doerr also sought concurrence from all defendants and has provided proper notice. (*Id.* at PageID.95–96.) There is no evidence of bad faith by Doerr. Finally, this amendment will not cause any undue delay or prejudice, as this case is still in its initial stages and the defendants have not yet answered or filed a dispositive motion in response to the first amended complaint.

Thus, Doerr's Motion for Leave to File Second Amended Complaint (ECF No. 13) is GRANTED.

SO ORDERED.

Dated: October 17, 2019

                                         s/Laurie J. Michelson
                                         LAURIE J. MICHELSON
                                         UNITED STATES DISTRICT JUDGE