UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| SEAN DOERR,<br><br>    Plaintiff,<br><br>v.<br><br>QUICKCALL.COM, LLC and<br>ROMANIAN-AMERICAN NETWORK,<br>INC. dba BISERICI.US,<br><br>    Defendants. | Case No. 19-10774<br>Honorable Laurie J. Michelson |

**OPINION AND ORDER DENYING MOTION TO DISMISS [21]**

Sean Doerr is a Detroit resident and photographer who creates and licenses his photographs for commercial use. Doerr believed that Romanian-American Network, Inc. d/b/a Biserici.us ("RAN") and Quickcall.com, LLC had copied and used one of his photographs without permission. So Doerr sued RAN and Quickcall for copyright infringement, seeking monetary damages and injunctive relief. Quickcall now seeks to be dismissed from the suit. For the reasons that follow, the motion is denied.

**I.**

In 2007, Doerr took a photograph of Detroit titled "Motor Within a City" ("Photograph"). (ECF No. 26, PageID.202.) He registered the Photograph with the United States Copyright Office on July 20, 2015. (*Id.*) Doerr alleges that RAN and Quickcall copied the Photograph from the internet and used it on the website www.biserici.us ("Website") "to advertise, market and promote their business activities." (*Id.* at PageID.200–201.) Doerr claims this violates the Copyright Act, *see* 17 U.S.C. § 501.

On March 15, 2019, Doerr filed a complaint against SRVR, LLC and RAN. (ECF No. 21, PageID.169.) SRVR was later dismissed from the suit. (ECF No. 14.) On October 18, 2019, Doerr replaced SRVR with Defendant Quickcall. (ECF No. 17.) Doerr claims both RAN and Quickcall infringed on his valid copyright ownership of the Photograph. (ECF No. 26, PageID.199.)

Doerr maintains that RAN operates the Website, where an unauthorized copy of the Photograph existed. (ECF No. 26, PageID.200.) According to Doerr, Quickcall claims copyright ownership of the content on the Website under the assumed name of BlueTone. (*Id.* at PageID.201.) In support of this allegation, Doerr points to public records and a hyperlink on the Website.

These public records indicate that in 2014, AKA Investments, LLC officially changed its name to Quickcall.com, LLC. (*Id.* at PageID.226.) Under this former alias, Quickcall registered BlueTone as an assumed name. (*Id.* at PageID.229.) And the word "BlueTone" is featured as a hyperlink on the bottom of each page of the Website. (*Id.* at PageID.211.) Clicking on the hyperlink brings a user to BlueTone's commercial sales and advertising website. (*Id.* at PageID.201.)

Doerr also claims that any references to SRVR on the Website are connected to Quickcall and BlueTone. (ECF No. 28, PageID.235.) According to Michigan public records, SRVR's Michigan office and Quickcall have the same address. (*Id.*) SRVR's own website also states that it manages both the Quickcall and BlueTone brands. (*Id.* at PageID.236.)

After Doerr initiated this suit, Quickcall filed a motion to dismiss for failure to state a claim upon which relief can be granted. (ECF No. 21.) Quickcall argues that Doerr has failed to differentiate its actions from RAN's and has failed to link it to the alleged copyright infringement. (*Id.* at PageID.171.) According to Quickcall, the only way "to appreciate 'who did what'" is to refer to the screenshots of the Website attached to the complaint. (*Id.*) Quickcall also argues that

Doerr has insufficiently pled that BlueTone is affiliated with Quickcall or that Quickcall authorized the placement of the BlueTone hyperlink on the Website. (*Id.* at PageID.172.) In support of its position, Quickcall points to the "Contact Us" page of the Website, which lists the contact address of the Managing Director as "c/o BlueTone – a division of SRVR, Inc." rather than Quickcall. (*Id.* at PageID.173.)

## II.

In deciding a motion to dismiss under Federal Rule of Procedure 12(b)(6), the Court "construes the complaint in the light most favorable to the plaintiff, accepts the plaintiff's factual allegations as true, and determines whether the complaint 'contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Heinrich v. Waiting Angels Adoption Servs., Inc.*, 668 F.3d 393, 403 (6th Cir. 2012) (alteration in original) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The Sixth Circuit has not interpreted this plausibility standard so narrowly as to be the "death of notice pleading," but rather continues to recognize the "viability of the short and plain language of Federal Rule of Civil Procedure 8." *HDC, LLC v. City of Ann Arbor*, 675 F.3d 608, 614 (6th Cir. 2012). Accordingly, detailed factual allegations are not required to survive a motion to dismiss. *Id.* (citing *Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 609 (6th Cir. 2009)).

Also, "[w]hen a court is presented with a Rule 12(b)(6) motion, it may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. NCAA*, 528 F.3d 426, 430 (6th Cir. 2008).

### III.

To establish a claim for copyright infringement, a plaintiff must show (1) ownership of a valid copyright and (2) that the defendant copied constituent elements of the work that are original. *See Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 387 F.3d 522, 534 (6th Cir. 2004) (citing *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991)); *see also Enchant Christmas Light Maze & Market Ltd. v. Glowco, LLC*, 958 F.3d 532, 536 (6th Cir. 2020).

Quickcall's motion does not challenge Doerr's copyright ownership in the Photograph. Nor does Quickcall argue that original elements of the Photograph were not copied. Instead, Quickcall argues that Doerr has not adequately pled that it did the copying.

True, a motion to dismiss for failure to state a claim may be granted where the plaintiff has pled no causal connection between the defendant and the alleged violations of law. *See, e.g.*, *Best v. AT&T Mobility, LLC*, No. 1:12-CV-564, 2015 WL 1125539 (S.D. Ohio Mar. 12, 2015) (granting motion under 12(b)(6) because plaintiff alleged no facts as to where, when, or how AT&T infringed on his copyright); *see also W. Cong. St. Partners, LLC v. Rivertown Dev., LLC*, 739 F.App'x 778, 783 (6th Cir. 2018) ("[T]he plaintiff must plead 'factual content that allows [us] to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" (quoting *Iqbal*, 556 U.S. at 678)).

But that is not the case here. Considering the attachments to Doerr's complaint, he plausibly links Quickcall to the copying of the Photograph. Doerr demonstrates through public records that AKA Investments, LLC, a prior alias of Quickcall, registered BlueTone as an associated name. Screenshots of the Website show BlueTone's name appearing as a hyperlink on the bottom of the webpage containing the Photograph. These exhibits factually support Doerr's allegations that "Quickcall, through BlueTone, manages, controls, owns and/or operates the

4

Website" and that "[t]he Website serves as direct advertising for the BlueTone brand of Quickcall" via a hyperlink. (ECF No. 26, PageID.200–201.) Although Doerr could have used more specific language in his complaint, the reasonable inferences drawn from the attached exhibits explain how Quickcall allegedly participated in the copying of the Photograph under its BlueTone name.

Additionally, Doerr's failure to differentiate between the implied actions of Quickcall and RAN does not automatically warrant dismissal. *See Mertik Maxitrol GMBH & Co. KG v. Honeywell Techs. SARL*, No. 10-12257, 2012 WL 748304 (E.D. Mich. Mar. 6, 2012) (denying motion under 12(b)(6) because the complaint put three Honeywell entities on notice of their alleged copying despite referring to them collectively). The "purpose of the short and plain statement is to give 'the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Lite Source, Inc. v. Int'l Lighting Corp.*, No. 3:12-CV-00689-JHM, 2013 WL 870319, at *3 (W.D. Ky. Mar. 7, 2013) (quoting *Twombly*, 550 U.S. at 556); *see also Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir. 2012). Here, the exhibits together with the allegations in the complaint provide the requisite notice to Quickcall of its alleged connection to the copying through the BlueTone hyperlink appearing at the bottom of the Website.

Finally, the ambiguity of SRVR's connection to the Website is a factual dispute that cannot be resolved at the motion to dismiss stage. Quickcall points to the "Contact Us" page of the Website as support that SRVR rather than Quickcall manages BlueTone. (ECF No. 21, PageID.173.) But Doerr, through public records and SRVR's own website, alleges that SRVR and Quickcall are affiliated. (ECF No. 28, PageID.235–236.) Factual development will be needed to answer the question of who is responsible for BlueTone. But the possibility of different answers does not defeat the plausible link drawn between Quickcall and BlueTone in the pleadings. *See HDC*, 675 F.3d at 613 ("[T]he mere existence of an 'eminently plausible' alternative, lawful

5

explanation for a defendant's allegedly unlawful conduct is not enough to dismiss an adequately pled complaint because pleadings need only be 'plausible not probable.'" (quoting *Watson Carpet & Floor Covering, Inc. v. Mohawk Indus., Inc.*, 648 F.3d 452, 458 (6th Cir. 2011))).

### IV.

For the foregoing reasons, the Court DENIES Quickcall's motion to dismiss. (ECF No. 21.)

SO ORDERED.

Dated: July 30, 2020

                                        s/Laurie J. Michelson
                                        LAURIE J. MICHELSON
                                        UNITED STATES DISTRICT JUDGE